UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL TAYLOR,

Plaintiff,

v. Case No. 8:25-cv-01944-AEP

FRANK BISIGNANO,
Commissioner of Social Security,[1]

Defendant.
_________________________________/

**ORDER**

Plaintiff seeks judicial review of the denial of his claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

**I.**

**A. Procedural Background**

Plaintiff filed an application for a period of disability, DIB, and SSI (Tr. 192–96, 206–22). The Social Security Administration ("SSA") denied Plaintiff's claims both initially and upon reconsideration (Tr. 107–11, 120–27). Plaintiff then

[1] Frank Bisignano is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Commissioner Bisignano should be substituted as the defendant in this matter. No further action needs to be taken to continue this matter by reason of the last sentence of section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

requested an administrative hearing (Tr. 129). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 52–86). Following the hearing, the ALJ issued a partially favorable decision finding that Plaintiff was not disabled from September 24, 2021, to July 28, 2024, but became disabled beginning on July 28, 2024 (Tr. 7–22). Subsequently, Plaintiff requested review by the Appeals Council, which denied the request (Tr. 1–6). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

**B. Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1969, claimed disability beginning July 15, 2018 (Tr. 195). Plaintiff completed a high school education by obtaining a GED (Tr. 241). Plaintiff's past work experience included employment as a maintenance worker and a pool remodeler (Tr. 241), but the ALJ determined that this experience did not qualify as past relevant work (Tr. 20). Plaintiff alleged disability due to anxiety, PTSD, depression, right ankle and right knee surgery, 40% heart blockage, and degenerative disc disease (Tr. 240).

In rendering the administrative decision, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since September 24, 2021, the date of application (Tr. 12). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease, osteoarthritis bilateral knees; obesity; bipolar disorder, generalized anxiety disorder, major depressive disorder, post-traumatic stress

disorder, polysubstance abuse disorder, and schizoaffective disorder (Tr. 13). Notwithstanding the noted impairments, the ALJ determined that, since July 15, 2018, Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 13). The ALJ then concluded that Plaintiff retained the following residual functional capacity ("RFC"):

> [S]ince July 15, 2018, the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the claimant can occasionally balance, stoop, kneel, crouch, and crawl. The claimant can occasionally climb ramps and stairs and never climb ladders, ropes, or scaffolds. The claimant can never work in hazardous environments, such as at unprotected heights or around moving mechanical parts. The claimant can understand, remember, and carry out simple instructions in the workplace. The claimant can have no more than occasional interaction with supervisors, coworkers, and the general public with respect to performing work related duties.

(Tr. 16). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not fully supported (Tr. 17).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined Plaintiff had no past relevant work (Tr. 20). Given Plaintiff's background and RFC, the VE testified that, before July 28, 2024, Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a garment sorter, marker, or assembler II (Tr. 21). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the

VE, the ALJ found Plaintiff not disabled before July 28, 2024 (Tr. 21). On July 28, 2024, however, Plaintiff's age category changed to an individual of advanced age (Tr. 20). As of that date, there are no jobs that exist in significant numbers in the national economy that the claimant could perform, so the ALJ found Plaintiff disabled as of July 28, 2024, by applying Medical-Vocational Rule 202.04 (Tr. 21–22).

## II.

To be entitled to benefits, a claimant must be disabled, meaning they must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To regularize the adjudicative process, the SSA promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant

is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform their past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the claimant cannot perform the tasks required for their prior work, step five of the evaluation requires the ALJ to determine whether the claimant can perform other work in the national economy, in view of their age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The ALJ, in part, decides Plaintiff's claim pursuant to regulations designed to incorporate vocational factors into the consideration of disability claims. *See* 20 C.F.R. §§ 404.1501, *et seq.* These regulations apply when an individual's medical condition is severe enough to prevent them from returning to their former employment but not to prevent them from engaging in other substantial gainful activity. In such cases, the Regulations direct that an individual's residual functional capacity, age, education, and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules appended to the regulations and commonly referred to as "the grids." 20 C.F.R. Part 404, Subpart P, App. 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled.

20 C.F.R. §§ 404.1569, 416.969. If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability but is advisory only. 20 C.F.R. §§ 404.1569a, 416.969a.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law or to provide the reviewing court with sufficient reasoning to determine that they have conducted the proper legal analysis mandates reversal. *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the correct legal standards were

applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (per curiam) (citations omitted).

## III.

Plaintiff argues that the ALJ erred in two ways: first, the ALJ failed to address whether the claimant would be absent form work due to his mental condition for an inordinate length of time; second, the ALJ failed to address the apparent inconsistency of a finding that the claimant could only occasionally interact with supervisors and co-workers and a finding that he could perform an occupation with an SVP level of two (Doc. 18, at 3). For the following reasons, the ALJ applied the correct legal standards, and the ALJ's decision is supported by substantial evidence.

### A. The Plaintiff's Work Absenteeism Due to Mental Conditions

Plaintiff first argues that the ALJ should have considered whether he would be absent from work for an inordinate length of time due to his mental condition (Doc. 18, at 4). Specifically, he argues that there is an inconsistency between the VE's testimony that a claimant being absent from work more than two days a month would preclude all competitive work in the national economy and Plaintiff's testimony that he was at a drug treatment program for nine months (Tr. 66–67, 81). Defendant responds that the ALJ properly considered all of Plaintiff's credible limitations and issued an RFC that was supported by substantial evidence (Doc. 22, at 6–7). Specifically, Defendant notes that the ALJ considered the State Agency medical consultants' opinions and found that Plaintiff's polysubstance abuse

disorder was not a contributing factor material to the determination of disability and did not cause a decrease in Plaintiff's intellectual functioning (Tr. 22).

The Court first notes that Plaintiff does not cite any legal authorities to support his argument, nor does he clearly raise the issue about where in the ALJ's analysis absenteeism should have been considered.[2] The Court construes Plaintiff's argument as a challenge to the ALJ's RFC determination and overall disability determination. "Social Security regulations and guidance indicate that a claimant's absenteeism should not be considered in crafting the claimant's RFC. An RFC must be based on medically determinable impairments—not other factors." *Malak v. Comm'r of Soc. Sec.*, 131 F.4th 1280 (11th Cir. 2025) (citing 20 C.F.R. § 404.1545). However, when the record reflects that a claimant's impairments will cause them to have unexcused absences at work, it is reversible error for an ALJ to fail to account for those absences. *See Samuels v. Acting Comm'r of Soc. Sec.*, 959 F.3d 1042 (11th Cir. 2020) ("[T]he ALJ did not account for unexcused absences or time spent off-task, which were limitations caused by [the claimant's] bipolar disorder that were reflected in the record.").

---

[2] A party abandons a claim when they "raise[] it in a perfunctory manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014); *see also Morrison v. Comm'r of Soc. Sec.*, 660 F. App'x 829, 832 (11th Cir. 2016) ("[T]he issue must be plainly and prominently raised, with supporting arguments and citations to the evidence and to relevant authority."). Despite the lack of clarity in Plaintiff's argument, Plaintiff mentions the ALJ's RFC determination at the beginning of this section of his brief (Doc. 18, at 3–4), and Defendant responds as though Plaintiff is challenging the ALJ's RFC determination. Further, Plaintiff does not reply to Defendant's brief.

Here, the evidence of record does not support a need for the ALJ to consider whether Plaintiff would be absent from work for an inordinate length of time due to his substance abuse. State Agency medical consultants Audrey Wooten, M.D., and Brian McIntyre, Ph.D., evaluated Plaintiff at the reconsideration level (Tr. 93–101). The Disability Determination Explanation indicates that they received evidence from "Keystone Drug Rehab Centers" (Tr. 94). Dr. McIntyre found that Plaintiff had a non-severe substance addiction disorder but indicated that Plaintiff "does not have significant impact from mental health difficulties at this time" (Tr. 97). Dr. Wooten noted that "[t]here is no evidence of any substance abuse disorder/DAA [drug addiction and alcoholism] issue" (Tr. 100). The ALJ determined that these opinions were somewhat persuasive and pointed to other record evidence to create an RFC with higher mental limitations than recommended by the State Agency medical consultants (Tr. 19). Among the exhibits referenced in the ALJ's decision were treatment notes from Keystone Drug Rehab Centers (Tr. 1138–60) and Agency for Community Treatment Services, Inc. ("ACTS") (Tr. 1259–81). Treatment notes from ACTS in May and November 2023 indicate that Plaintiff had a safe place to live and last used drugs in November 2022 (Tr. 1138). In fact, other than a quick reference in Plaintiff's brief to "his period of treatment at an inpatient facility" (Doc. 18, at 5), there is nothing in the record indicating that he was in an inpatient substance abuse treatment facility. Even the portion of the administrative hearing before the ALJ cited by Plaintiff, in which his attorney asks him about the ACTS program, does not make clear that this is an

inpatient facility (Tr. 66–67). For all these reasons, the ALJ did not need to consider Plaintiff's potential absenteeism when formulating the RFC or making his disability determination.

**B. The Apparent Inconsistency between the RFC and VE's Testimony**

Plaintiff next argues that the ALJ erred by finding that he could only occasionally interact with supervisors and coworkers, but that he could perform a job with a Specific Vocational Preparation ("SVP") level of two (Doc. 18, at 5). Specifically, Plaintiff argues that the ALJ failed to identify and resolve an apparent inconsistency between Plaintiff's limitation and his ability to complete the training period for a job with an SVP level of 2 because the training period would necessarily require Plaintiff to interact with a supervisor or coworker more than occasionally (Doc. 18, at 5). Defendant responds that the ALJ properly questioned the VE and found his testimony consistent with the DOT (Doc. 22, at 9). Further, Defendant argues that the limitation to occasional interaction with supervisors does not automatically prevent Plaintiff from completing the training period for occupations with an SVP level of 2 (Doc. 22, at 10).

When an apparent unresolved conflict exists between VE evidence and the Dictionary of Occupational Titles ("DOT"), the ALJ "must elicit a reasonable explanation for the conflict before relying on the VE [] evidence to support a determination or decision about whether the claimant is disabled." SSR 00-4p. The ALJ must inquire, on the record, whether a conflict exists. *Id.* If a conflict exists, the ALJ must resolve it by determining whether the VE's explanation is reasonable and

provides a basis for relying on the VE's testimony rather than on the information in the DOT. *Id.* Reasonable explanations may include the availability of information about a particular job's requirements or about occupations not listed in the DOT but available in other reliable publications, information obtained directly from employers, or from a VE's experience in job placement or career counseling. *Id.* According to the Eleventh Circuit, when a conflict has been identified, SSR 00-4p requires the ALJ to provide a reasonable explanation for the discrepancy and to detail in the decision how the ALJ resolved the conflict. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1356 (11th Cir. 2018). "[A] conflict is apparent if a reasonable comparison of the DOT with the VE's testimony suggests that there is a discrepancy, even if, after further investigation, that turns out not to be the case." *Id.* at 1365. "[I]n this context, 'apparent' should be taken to mean apparent to an ALJ who has ready access to and a close familiarity with the DOT." *Id.* at 1366.

Before determining whether an apparent conflict existed between the VE's evidence and the DOT in this case, some background on the proposed jobs and SVP levels is helpful. Here, the VE opined that an individual with the limitations in the ALJ's hypothetical could perform other work that exists in the national economy, including the following three jobs: "sorter, DOT code 222.687–014, SVP 2, 54,000 occupations nationally. Marker, DOT code 209.587–034, SVP 2, 67,000 occupations nationally. And assembler II, DOT code 723.684–018, SVP 2, 45,000 occupations nationally" (Tr. 82). Each occupation suggested by the VE has an SVP level of 2. SVP "means the amount of lapsed time required by a typical worker to

learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." 20 C.F.R. § 656.3. A job with an SVP level of 2 can require a range of training from "[a]nything beyond short demonstration up to and including 30 days." *Id.*

Plaintiff does not make an argument about the specific occupations suggested by the VE; rather, Plaintiff in essence argues that there is a conflict between any job with an SVP level of 2 and an RFC limitation to "no more than occasional interaction with supervisors, coworkers, and the general public with respect to performing work related duties" (Tr. 16). The Court disagrees. Courts routinely affirm decisions in which claimants have an identical RFC limitation, and the VE recommends jobs with an SVP level of 2. *See, e.g.*, *Tisdale v. Soc. Sec. Admin., Comm'r*, 806 F. App'x 704, 710 (11th Cir. 2020) (affirming where a VE testified that the claimant, limited to "occasional interaction with coworkers and supervisors," could perform work as an assembler, product marker, or packager, which all have an SVP level of 2); *Korstanje v. Comm'r of Soc. Sec.*, No. 8:19-CV-3003-T-MAP, 2021 WL 129822, at *5 (M.D. Fla. Jan. 14, 2021) (affirming the Commissioner's decision where the claimant was limited to "unskilled work with an SVP or 1 or 2" and could "have occasional interaction with the public, coworkers, and supervisors"); *Mitchell v. Saul*, No. 8:18-CV-1587-T-CPT, 2019 WL 13066869, at *3–4 (M.D. Fla. July 18, 2019). In *Mitchell*, the claimant argued "that the ALJ's finding she was restricted to occasional interaction with co-workers and supervisors prevented her from timely learning the tasks and requirements of the SVP level 2 positions identified by the

VE." 2019 WL 13066869, at *3. In finding the claimant's argument unpersuasive, the court noted that "[t]he ALJ stated in his decision that he had carried out his duty under Social Security Ruling (SSR) 00-4p to determine whether the VE's testimony was consistent with the pertinent information in the DOT." *Id.* at *4. Further, "the DOT [did] not indicate that the jobs the VE identified require more than occasional interaction with others during any training period or while engaging in such work." *Id.* Another case in this district goes even further, finding that the occupation of a routing clerk, which is an occupation with an SVP level of 2 that requires training under "close supervision," does not conflict with a limitation to occasional interaction with supervisors and coworkers because "the amount of time a routing clerk works under close supervision is relatively short" and "takes no more than one month to learn." *Roussin v. Comm'r of Soc. Sec.*, No. 2:20-CV-905-SPC-MRM, 2021 WL 6205948, at *17 (M.D. Fla. Dec. 16, 2021), *report and recommendation adopted*, No. 2:20-CV-905-SPC-MRM, 2022 WL 19698 (M.D. Fla. Jan. 3, 2022).

Here, the Court rejects Plaintiff's general argument that an SVP level of 2 necessarily conflicts with a limitation to occasional interaction with coworkers and supervisors. Further, nothing in the DOT descriptions of the garment sorter, marker, and assembler II occupations indicates that they require more than occasional interaction with others during any training period or while engaging in the work. *See* Garment Sorter, DICOT 222.687-014; Marker, DICOT 209.587-034; Assembler II, DICOT 723.684-018. Thus, the Court finds that there was no

apparent conflict between the VE's testimony and the DOT. The ALJ properly determined that the VE's testimony is consistent with the information contained in the DOT, and remand is not warranted.

**IV.**

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is affirmed.

2. The Clerk is directed to enter final judgment in favor of the Defendant and close the case.

DONE AND ORDERED in Tampa, Florida, on this 10th day of August 2026.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record